■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MONROE, Appellant. [651 NYS2d 536] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 9, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At various points in the defendant's trial, which ran over the course of approximately three weeks, the jury was permitted to examine exhibits which had been received in evidence. The examinations took place in the jury room without judicial supervision and in the absence of the defendant and the attorneys for both the prosecution and the defense. On appeal, the defendant contends that the jury's examination of the exhibits under such circumstances constituted reversible error. We disagree.

The defendant did not initially object to and, in effect, acquiesced in the procedure followed by the court. When the defendant eventually objected to the procedure at the end of the second week of the trial, the court ceased the practice. The defendant's belated claim that he was prejudiced because he was unable to observe the jurors as they examined the exhibits is purely speculative, particularly in light of the precise instructions given by the court to the effect that the jurors were not to deliberate upon or discuss the evidence. There is no indication in the record that the defendant's ability to defend against the charges was in any way affected by the court's actions *(see, Snyder v Massachusetts,* 291 US 97, 105-106; *People v Ciaccio,* 47 NY2d 431, 436; *see also, People v Arca,* 72 AD2d 205). O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.